Joseph I. GOLDSTEIN, Shirley H. Goldstein and Star Enterprises, Ltd., Appellants,

v.

POTOMAC ELECTRIC POWER COMPANY, Appellee.

No. 77–1658.

United States Court of Appeals, Fourth Circuit.

Submitted Aug. 27, 1979.

Decided Oct. 19, 1979.

Stephen D. Annand, Alexandria, Va. (Geoffrey Judd Vitt, Cohen, Vitt & Annand, Alexandria, Va., on brief), for appellants.

Hal C. B. Clagett, Upper Marlboro, Md. (Nicholas D. Ward, Thomas E. O'Dea, Washington, D. C., on brief), for appellee.

Before WINTER, BUTZNER and HALL, Circuit Judges.

PER CURIAM:

On August 21, 1979, the Court of Appeals of Maryland filed an opinion answering the dispositive question of state law that we certified to it pursuant to Ann.Code of Md., Cts. & Jud.Proc., §§ 12–601 *et seq.* (1974). The question we certified was:

> Where a nearby landowner seeks permanent damages from a public utility company whose operations constitute a continuing nuisance, is plaintiff barred by reason of Ann.Code of Md., Cts. & Jud. Proc., § 5–101, from bringing suit more than three years from the date that the landowner alleges that the nuisance commenced?

and the answer which has been given is:

> In answer to the certified question, therefore, we hold that if the facts demonstrate that the permanency of the conditions causing the appellants' damages became manifest prior to November 21, 1971, then the suit is barred by § 5–101 of the Courts Article. If the facts show that the permanency of such conditions did not become manifest to a reasonably prudent person until after that date, the suit is not barred by limitations.

The appeal is thus ripe for final disposition.

We conclude that the judgment of the district court should be vacated and the case remanded for further consideration in the light of the authoritative statement as to the Maryland law given by the Court of Appeals of Maryland. As is obvious from that statement, the answer to the question of whether plaintiffs are time-barred from maintaining their suit depends upon when they knew, or as reasonably prudent persons should have known, of the permanency of the alleged nuisance. While the record contains evidence, stipulations and discovery relevant to this issue, the issue has neither been addressed directly by the district court nor has the district court made a specific finding of fact with regard to the crucial date. We think it better for the finding to be made by the district court on the present record, supplemented by such additional evidence, if any, as the parties tender and the district court finds relevant, than by us. Accordingly, we vacate the district court's judgment and remand the case for further proceedings not inconsistent with this opinion.

VACATED AND REMANDED.